IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHN FOSTER<br>(BOP Register No. 27294-064),<br><br>Petitioner,<br><br>V.<br><br>WARDEN BALIS,<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>No. 3:19-cv-2797-G-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Christopher John Foster, an inmate at a federal facility in this district, has filed a *pro se* habeas petition under 28 U.S.C. § 2241, requesting modification of "terms of post-release placement ... to seek an immediate reassignment to [his] home address." Dkt. No. 3.

His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2241 petition for lack of jurisdiction.

**Applicable Background**

Foster pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and, in August 2012, he was sentenced to 97 months of imprisonment. *See United States v. Foster*, No. 5:11-cr-00380-R (W.D. Okla.), Dkt. No.

38. More recently, in August 2019, Foster admitted guilt to five violations of his term of supervision, his supervised release was vacated, and he was sentenced to 6 months of imprisonment. *See id.*, Dkt. No. 88. The judgment revoking his supervised release includes, as a special condition of supervision, that "[t]he defendant shall reside at a residential re-entry facility (RRC) for up to 180 days as directed by the U.S. Probation Officer upon release from the Bureau of Prisons, or any federal, state, or local correctional facility. The defendant shall report directly to the RRC upon release from custody and shall follow all rules and procedures of the facility." *Id.* at 6. And, on October 17, 2019, the sentencing court denied Foster's request

> that he be permitted to return home rather than be assigned to a halfway house, one of the Special Conditions of Supervision imposed by the Court when it sentenced Mr. Foster for violating the terms of his supervised release[,] ... finding that the condition reflects the seriousness of Defendant's underlying offense, the need to deter him from violating the conditions, which in the recent past has proven difficult for Mr. Foster, and the need to protect the public from future crimes.

*Id.*, Dkt. No. 101.

Foster admits that he is now seeking the same relief from this Court, under the authority of Section 2241. *See* Dkt. No. 3 ("This Petition follows a Denial under United States District Judge, David L. Russell of the Western District of Oklahoma upon a requested modification order that was adjudicated on 17 October 2019.").

## Legal Standards and Analysis

"Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) – that statute "authorizes a district court to summarily dismiss a frivolous

habeas-corpus petition prior to any answer or other pleading by the government," *Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) (footnote omitted).

And, under the Rules Governing Section 2254 Cases in the United States District Courts – which "also apply to § 2241 habeas cases," *Romero v. Cole*, No. 1:16-cv-148, 2016 WL 2893709, at *2 & n.4 (W.D. La. Apr. 13, 2016) (collecting authority, including *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001)), *rec. accepted*, 2016 WL 2844013 (W.D. La. May 12, 2016) – "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition," RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

Section 2241 "is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)); *see also Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (per curiam) ("Section 2255 provides 'the primary means of collaterally attacking a federal sentence.' Section 2241, on the other hand, is used to challenge 'the manner in which a sentence is executed.'" (quoting *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000))).

But a Section 2241 petition challenging supervised-release conditions "raises errors that occurred at or prior to sentencing" and thus "should be construed as a § 2255 motion." *Robinson*, 812 F.3d at 476 (citing *Tolliver*, 211 F.3d at 877-78); *see, e.g.,*

*Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113-14 (5th Cir. 1990) ("Cox alleged that the sentencing court improperly imposed supervised release, instead of special parole, and that, even if such were permissible, the court imposed an excessive term of supervised release. The district court's dismissal of these grounds clearly was proper because they concerned alleged errors that occurred at sentencing and, therefore, may be remedied under section 2255.").

Foster's petition must therefore be construed as a Section 2255 motion unless that section's savings clause applies.

> Under the savings clause, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also* § 2255(e).
>
> [A petitioner] has the burden of showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX*, 305 F.3d 343, 347 (5th Cir. 2002). He must show that his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Jeffers*, 253 F.3d at 830-31.

*Robinson*, 812 F.3d at 476-77.

But, because Foster's Section 2241 petition fails to raise a claim "that is based on a retroactively applicable Supreme Court decision," the Court is "without jurisdiction to consider [it]." *Sanchez v. Chandler*, No. 4:15-cv-458-Y, 2015 WL 4486773, at *1 & *2 (N.D. Tex. July 23, 2015) (citing *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904; *Christopher v. Miles*, 342 F.3d 378,

385 (5th Cir. 2003)); *see also Carter v. Blackmon*, 732 F. App'x 268, 270 (5th Cir. 2018) (per curiam) ("Although the district court did not address its jurisdiction under the savings clause, we are required to examine it. Carter has failed to show that he was actually innocent of the crime of conviction, and he is not entitled to use the savings clause of § 2255 to challenge his sentence by petitioning under § 2241. Because Carter failed to meet the savings-clause standard and was convicted and sentenced in the Eastern District of Missouri, the district court for the Southern District of Mississippi lacked jurisdiction to consider his *Johnson* and *Mathis* claims." (citations omitted)).

## Recommendation

The Court should dismiss the 28 U.S.C. § 2241 petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 4, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-6-